**Christian Ndubnma NWANKO, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

**No. 03–71671.**

United States Court of Appeals, Ninth Circuit.

Submitted April 14, 2005.\*\*

Decided May 3, 2005.

Brian D. Lerner, Esq., Law Offices of Brian D. Lerner, Long Beach, CA, for Petitioner.

Regional Counsel, Laguna Niguel; Margaret Perry, Esq., Deborah N. Misir, Esq., Jacqueline Dryden Fax, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LAY,\*\*\* B. FLETCHER and HAWKINS, Circuit Judges.

MEMORANDUM \*\*\*\*

Petitioner Christian Nwanko seeks review of the Board of Immigration Appeal's (BIA's) order affirming the Immigration Judge's (IJ's) denial of his motion to reopen immigration proceedings. Because the BIA affirmed without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision. *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir.2004).

Nwanko argues that the IJ abused its discretion by denying Nwanko's motion to reopen to seek relief under the Convention Against Torture ("CAT"), and also asserts he is entitled to withholding from deportation. This is not, however, the motion to reopen that the IJ ruled upon: before the IJ, the only relief Nwanko sought was to adjust his status based on his marriage to a United States citizen. Nwanko has thus failed to exhaust his administrative remedies with respect to any claim under CAT or for withholding of removal, and his appeal must be dismissed. *Cf. Zara v. Ashcroft*, 383 F.3d 927, 930–31 (9th Cir.2004).

PETITION DISMISSED.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth District, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.